UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

RICARDO MCDONALD,                                              **COMPLAINT**

                                        Plaintiff,

                                                               Index No.:
            -against-
                                                               Jury Trial Demanded

CITY OF NEW YORK, CHARLES SCHWARTZ, Individually,
DEVIN BAKER, Individually, and JOHN AND JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.
-------------------------------------------------------------------------------X

        Plaintiff RICARDO MCDONALD, by his attorneys, Brett H. Klein, Esq., PLLC,

complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

        1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

        2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is found upon 28 U.S.C. §§ 1331 and 1343.

## **VENUE**

        4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to

Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff RICARDO MCDONALD is a thirty-six-old man residing in Brooklyn,

New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly

organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police

Department, a duly authorized public authority and/or police department, authorized to perform

all functions of a police department as per the applicable sections of the aforementioned

municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants,

CHARLES SCHWARTZ, DEVIN BAKER, and JOHN and JANE DOE 1 through 10, were duly

sworn police officers of said department and were acting under the supervision of said

department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or

through their employees, were acting under color of state law and/or in compliance with the

official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New

York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12.     On September 2, 2019, at approximately 6:00 a.m., plaintiff RICARDO MCDONALD was riding in an Uber when, in the vicinity of Church Avenue and East 37th Street, Brooklyn, New York, the Uber was pulled over by NYPD officers, including but not limited to Sergeant CHARLES SCHWARTZ and Detective DEVIN BAKER.

13.     Despite that plaintiff was merely a passenger in the vehicle and was not engaged in any suspicious or illegal activity, defendants approached plaintiff's passenger side door and ordered him out of the vehicle.

14.     Despite lacking any basis, defendants proceeded to forcefully grab and choke plaintiff around the neck and arrest him.

15.     Plaintiff was handcuffed, placed in a police vehicle, and transported to the NYPD's 67th Precinct against his will.

16.     Defendant officers continued to imprison plaintiff for several hours until he was released later that day with Summons No. 4445238849, which falsely charged plaintiff with disorderly conduct, said charges having been filed based on the false allegations of defendant BAKER.

17.     Said false evidence was used against plaintiff and formed the basis of the charges filed against plaintiff.

18.     As a result of the false charges contained within Summons No. 4445238849, plaintiff was compelled to appear in New York County Criminal Court on December 16, 2019, on which date all charges which had been lodged against him were dismissed and sealed.

19.     The defendant officers initiated said prosecution with malice, and otherwise caused the prosecution to be commenced against plaintiff without probable cause.

20.     Defendants SCHWARTZ, BAKER, and JOHN and/or JANE 1 through 10 either supervised and/or directly participated in the use of force, false arrest, manufacturing of evidence, and/or malicious prosecution of plaintiff, or failed to intervene in said constitutional violations despite being present for and/or aware that said violations were occurring.

21.     Plaintiff filed a complaint with the Civilian Complaint Review Board regarding this incident, which substantiated that defendant SCHWARTZ abused his authority when stopping the vehicle which plaintiff was an occupant in and used physical force against plaintiff.

22.     As a result of the defendants conduct plaintiff suffered, *inter alia*, pain, loss of liberty, and emotional distress.

23.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

24.     All of the above occurred as a direct result of the unconstitutional policies, customs, or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising its employees, and pursuant to customs or practices stopping individuals without the necessary reasonable suspicious of a crime and issuing baseless summonses regardless of whether a crime has been actually committed.

25.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD'S Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants stop individuals without the necessary reasonable suspicious of a crime and issue baseless summonses regardless of whether a crime has been actually committed, yet this practice has continued despite such notice.  *See e.g. Floyd v. City of*

*New York,* 283 F.R.D. 153 (S.D.N.Y. 2012); *Stinson v. City of New York*, 282 F.R.D. 360 (S.D.N.Y. 2012).

26.     Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights as well as physical injuries to civilians.  Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiffs' civil rights.

27.     Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

28.     As a result of the foregoing, plaintiff RICARDO MCDONALD sustained, *inter alia*, physical injuries, emotional distress, and deprivation of his constitutional rights.

## **Federal Claims**

### **AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

29.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "28" with the same force and effect as if fully set forth herein.

30.     Defendants arrested plaintiff RICARDO MCDONALD, without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

31.     Defendants caused plaintiff RICARDO MCDONALD to be falsely arrested and unlawfully imprisoned.

32.     As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

33.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     The level of force employed by defendants was excessive, objectively unreasonable, and otherwise in violation of plaintiff RICARDO MCDONALD's constitutional rights.

35.     As a result of the aforementioned conduct of defendants, plaintiff RICARDO MCDONALD was subjected to excessive force and sustained physical and emotional injuries.

36.     As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

37.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants initiated, commenced, and continued a malicious prosecution against plaintiff RICARDO MCDONALD.

39.     Defendants caused plaintiff RICARDO MCDONALD to be prosecuted without

probable cause until the charges were dismissed and sealed on or about December 16, 2019.

40.     As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Right to Fair Trial/Fabrication of Evidence under 42 U.S.C. § 1983)

41.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.     Defendants created false evidence against plaintiff RICARDO MCDONALD.

43.     Defendants utilized this false evidence against plaintiff RICARDO MCDONALD in legal proceedings.

44.     As a result of defendants' creation and use of false evidence, plaintiff RICARDO MCDONALD suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

45.     As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Defendants had an affirmative duty to intervene on behalf of plaintiff, whose

constitutional rights were being violated in their presence by other officers.

48.     The defendants failed to intervene to prevent the unlawful conduct described herein.

49.     As a result of the foregoing, plaintiff was subjected to excessive force, his liberty was restricted, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

50.     As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     Defendant SCHWARTZ, who held a supervisory rank, personally caused plaintiff's constitutional injury by directly participant in the events alleged herein and being deliberately or consciously indifferent to the rights of plaintiff in failing to properly supervise and train this subordinate employees.

53.     As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**AS AND FOR A SEVENTH CAUSE OF ACTION**
(Municipal Liability under 42 U.S.C. § 1983)

54.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure, or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56.     The aforementioned customs, policies, usages, practices, procedures, and rules of the New York City Police Department included, but were not limited to, stopping individuals without reasonable suspicious and issuing baseless summonses without probable cause.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that was the moving force behind the violation of plaintiff's rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

57.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK constituted deliberate indifference to the safety, well-being, and constitutional rights of plaintiff.

58.     The foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

59.     The foregoing customs, policies, usages, practices, procedures, and rules of the

CITY OF NEW YORK were the moving force behind the Constitutional violations suffered by plaintiff as alleged herein.

60.     As a result of the foregoing customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK plaintiff RICARDO MCDONALD was subjected to excessive force, falsely arrested, unlawfully imprisoned, and maliciously prosecuted.

61.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff's constitutional rights.

62.     All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A.     Not to be deprived of liberty without due process of law;

      B.     To be free from false arrest/unlawful imprisonment;

      C.     To be free from excessive force;

      D.     To be free from the fabrication of evidence;

      E.     To be free from malicious prosecution; and

      F.     To be free from the failure to intervene.

As a result of the foregoing, plaintiff RICARDO MCDONALD is entitled to compensatory damages in an amount to be fixed by a jury and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff RICARDO MCDONALD demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: New York, New York
      October 31, 2022

 

                        BRETT H. KLEIN, ESQ., PLLC
                        Attorneys for Plaintiff RICARDO MCDONALD
                        305 Broadway, Suite 600
                        New York, New York 10007
                        (212) 335-0132

                    *Brett Klein*
          By:    _____
                    BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

RICARDO MCDONALD,                                                        **COMPLAINT**

                                        Plaintiff,

                                                                         Index No.:
          -against-
                                                                         <u>Jury Trial Demanded</u>


CITY OF NEW YORK, CHARLES SCHWARTZ, Individually,
DEVIN BAKER, Individually, and JOHN AND JANE DOE 1
through 10, Individually, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.
--------------------------------------------------------------------------------X


# COMPLAINT


**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132